**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CV-12-08237-PCT-DGC (MHB) |
| Plaintiff, | **ORDER** |
| v. | |
| Kendrick Begay, | |
| Defendant/Movant. | |

Following a jury trial in June 2006, Defendant Kendrick Begay was found guilty of two counts of first-degree murder and two counts of using, brandishing, or discharging a firearm in relation to a crime of violence.  Doc. 8 at 4.  Defendant was sentenced to life imprisonment on the murder counts, followed by consecutive sentences of 120 months and 300 months for the firearm convictions.  *Id.*

Defendant filed a Motion to Vacate, Set Aside, or Correct Sentence alleging that his trial counsel was ineffective in violation of his Sixth Amendment rights.  Doc. 1.  The Court referred the petition to United States Magistrate Judge Michelle H. Burns for a report and recommendation ("R&R").  Doc. 5.  Judge Burns recommended that the Court deny the motion because Defendant failed to satisfy the standard articulated in *Strickland v. Washington*, 466 U.S. 668 (1984), with respect to any of the claims raised in his motion.  Doc. 8 at 14.

Defendant filed objections to the R&R (Doc. 11) and a Motion to Expand the Record (Doc. 12).  The government has also filed a Motion to Expand the Record. Doc. 14.  For the reasons that follow, the Court will grant Defendant's Motion to Expand

the Record, deny the government's Motion to Expand the Record, and refer the case back to Magistrate Judge Burns to consider the expanded record.

**I.	Standard of Review.**

Section 2555 requires the Court to grant a hearing "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief[.]" 28 U.S.C. § 2255(b) (West 2013).  If a motion under section 2255 is "based on alleged occurrences entirely outside the record, which if true would support relief, the court must conduct a hearing on those allegations 'unless, viewing the petition against the record, its allegations do not state a claim for relief or are so patently frivolous or false as to warrant summary dismissal.'" *Watts v. United States*, 841 F.2d 275, 277 (9th Cir. 1988) (quoting *Baumann v. United States*, 692 F.2d 565, 571 (9th Cir.1982)).  Courts may expand the record in considering section 2255 motions through discovery and documentary evidence.  *Blackledge v. Allison*, 431 U.S. 63, 81-83 (1977); *see also* Rule 7 of the Rules Governing Section 2255 Proceedings.  Whether to hold a hearing or conduct discovery are matters committed to the Court's discretion, *Machibroda v. United States*, 368 U.S. 487, 495 (1962), as long as the Court gives the claim "careful consideration and plenary processing, including full opportunity for presentation of the relevant facts," *Blackledge*, 431 U.S. at 82-83.

**II.	Analysis.**

Defendant presents two documents for the Court's consideration in his Motion to Expand the Record – an FBI report summarizing an interview of Defendant conducted on March 28, 2002, and a printout of pawn transactions from T & R Market, Inc. dated April 12, 2002.  Although it is unclear why Defendant did not submit these documents with his original motion, Defendant did contend that "[h]ad trial counsel conducted adequate investigation he would have been able to present the jury with admissible evidence tending to suggest that [Defendant] did not physically possess a semi-automatic rifle firing the sort of ammunition believed to have been used in this case[.]"  Doc. 2 at 11.  Judge Burns found that Defendant "offered no basis for this claim."  Doc. 8 at 13.

The Court finds this new evidence relevant to the consideration of Defendant's ineffective assistance of counsel claim. Under Rule 7(c) of the Rules Governing Section 2255 Proceedings, the Court is required to "give the party against whom the additional materials are offered an opportunity to admit or deny their correctness." Because the government has filed a reply to Defendant's objection and its own motion seeking to expand the record, the Court finds the government has had such an opportunity. The government has not opposed Defendant's motion to expand the record. The Court will therefore exercise its discretion and grant the motion. *See* Rule 7(a) of the Rules Governing 2255 Proceedings.

The Court will deny the government's motion to expand the eecord as the documents submitted by the government as a part of its motion were also attached to its response to Defendant's initial motion in this case. Accordingly, these documents are already part of the record. *See* Doc. 6-1, 6-2, and 6-3.

The Court will refer the case to Judge Burns for consideration of the expanded record. The Court will deny Defendant's objections (Doc. 11) as moot. Defendant may file new objections after Judge Burns has updated her R&R in light of the expanded record.

**IT IS ORDERED** that Defendant's motion to expand the record (Doc. 12) is **granted** and the case is referred to Judge Burns for further consideration. It is further ordered that the government's motion to expand the record (Doc. 14) is **denied**.

Dated this 4th day of November, 2013.

_____
David G. Campbell
United States District Judge

- 3 -